## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO; 14-20250-CR-MORENO

UNITED STATES of AMERICA,
         **Plaintiff,**

    **v.**

KEITH TYRONE JOSEPH,
         **Defendant.**

_____ /

### DEFENDANT'S MOTION TO ADOPT AND JOIN
### DEFENDANT MURPHY'S MOTION TO SUPPRESS PHYSICAL EVIDENCE
### AND JOSEPH'S ADDITIONAL GROUND FOR SUPPRESSION OF PHYSICAL
### EVIDENCE

The defendant, Keith Tyrone Joseph, by and through undersigned counsel, respectfully files this Motion to Adopt and Join co-defendant Murphy's Motion to Suppress Physical Evidence.  This Motion also contains an additional ground for suppression of physical evidence that pertains only to Mr. Joseph and as grounds in support would state;

1.  The defendant, Keith Joseph, is charged in Count I of the indictment with conspiracy to possess with intent to distribute a controlled substance, in violation of Title 21 U.S.C. §841 and  §846.  The indictment further alleges that with respect to Mr. Joseph, the controlled substances involved in the conspiracy attributable to Joseph as a result of his conduct, and conduct reasonably foreseeable to him, are (1) a mixture containing a detectable amount of cocaine base, in violation of §841(b)(1)©); (2) a mixture containing a detectable amount of cocaine, in violation of §841(b)(1)©); (3)  a mixture containing a detectable amount of heroin, in violation of §841(b)(1)©).  The defendant is also charged with a substantive count of possession

with intent to distribute a controlled substance in the same non-minimum mandatory amounts as alleged within the conspiracy count.

2.  The defendant is charged along with co-defendant Lamar Murphy and Demetrius McDuffie.

3.  On June 4, 2014, co-defendant Murphy filed his Motion to Suppress Physical Evidence seeking to suppress items of evidence recovered from 1117 NW 3rd Ave., Apt. #12, because officers unlawfully entered the apartment without a warrant and used that illegally obtained evidence as probable cause to obtain a search warrant for the apartment. [DE:28].

4.  Through this Motion to Adopt and Join, Mr. Joseph seeks to join Mr. Murphy's Motion to Suppress Physical Evidence and adopt Murphy's arguments in support of the suppression of physical evidence.

5.  Separate and apart from Mr. Murphy's Motion to Suppress Evidence, Mr. Joseph raises a challenge to his initial arrest and search of his person.  It will be shown at a hearing on the matter that officers did not have probable cause that Mr. Joseph had committed any crime, therefore his arrest was unlawful and the search of his person was in violation of the 4th Amendment.

6.  At a suppression hearing, government witnesses are expected to testify that on July 29, 2013, Miami Dade Police Officers observed Mr. Joseph's on the second floor of the apartment building located at 1117 NW 3rd Ave, in the City of Miami.  Officers allege that they observed Mr. Joseph exchange currency on three separate occasions with alleged drug buyers and conduct what appeared to be three hand-to-hand transactions.  After each alleged transaction, police allege that Mr. Joseph went into apartment #12 and delivered currency to an unknown black male inside the apartment.  It is further alleged that after observing the alleged conduct police arrested

Mr. Joseph on the second floor of the apartment building.

7.  It will become clear at a hearing on this Motion that this testimony is unreliable.  The evidence will show that Mr. Joseph did not conduct these alleged hand-to-hand transactions, and did not retrieve any drugs from the fire extinguisher box.  The evidence will also show that there was no probable cause to detain or arrest Mr. Joseph.

8.  Subsequent to arrest, police searched Mr. Joseph recovering $278 dollars in currency.

9.  Subsequent to arrest police also searched a fire extinguisher box located on the second floor and recovered small quantities of crack cocaine, powder cocaine and heroin.

10.  Subsequent to arrest, police made entry into apartment #12, without a warrant. According to police reports, during this entry officers noticed contraband inside the apartment. Based on what was seen inside the apartment, officers applied for and obtained a search warrant for apartment #12.  The execution of the search warrant resulted in the recovery of an assault rifle, a Glock handgun, US Currency, heroin, powder cocaine and crack cocaine.

## ARGUMENT:

The Fourth Amendment guarantees that individuals will be "secure in their persons houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. Amend. IV.  It is the government's burden to establish the lawfulness of a seizure.  *United States v. Freire*, 710 F.2d 1515, 1519 (11th Cir. 1983).  If the government can not do this, any evidence derived from the stop must be suppressed.  *United States v. Chanthasouxat*, 343 F.3d 1271 (11th Cir. 2003).  A warrantless arrest is only permissible where an officer witnesses the commission of a crime, *see United States v. Watson*, 423 U.S. 411, 418 (1976), or where an officer has probable cause to believe that a felony has been committed, *see Id.* at 422, n.11; *Maryland v. Pringle*, 540 U.S. 366, 373-74 (2003).  Probable cause to arrest does not exist unless law

enforcement officers have facts and circumstances within their knowledge that are sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime. *Beck v. Ohio*, 379 U.S. 89 (1964).

The Fifth Circuit has held, in similar circumstances, that probable cause to believe a drug transaction had occurred was lacking.  In *United States v. Zavala*, 541 F.3d 562 (5th Cir. 2008), agents observed the defendant engage in a suspicious transaction with a suspected drug buyer, but they failed to confirm the contents of the items exchanged. In that case, agents had information to believe a man was a drug purchaser/distributer.  They followed the suspected purchaser to a location, where he was met by Mr. Zavala, who parked next to him, facing the same direction.  Agents observed Mr. Zavala's passenger remove some unidentified objects from Zavala's car, place them in a cardboard box, and put the box into the suspected drug distributor's pickup, while Zavala stood by.  Notably, the agents did not see the shape or the identity of the items placed into the cardboard box, but only suspected they were witnessing a drug transaction. *Id.* at 569-570.  The suspected drug distributor then left the scene, entered a mechanic's shop, and exited carrying a large pair of pliers.  The suspected distributor then returned to Mr. Zavala's car.  Importantly, agents did not see what the suspected drug distributor did with the pliers, but they suspected that he used them to open a secret compartment in Zavala's car that contained contraband.  When Mr. Zavala drove away, officers conducted a traffic stop and searched items in his car, and arrested him.

As was true in *Zavala*, while there may have been a reasonable suspicion to believe the drug transactions had occurred, the facts fall short of establishing probable cause.  *See also United States v. Ibarra-Sanchez*, 199 F.3d 753 (5th Cir. 1999); *Coney v. State*, 820 So. 2d 1012 (Fla. 2d DCA 2002) (no probable cause where officers observed defendant in an area known for

drug activity and arrest, defendant exchanged an object with an individual for money, and when he was approached, officers observed an item in his mouth); *Burnette v. State*, 658 So. 2d 1170 (Fla. 2d DCA 1995) (no probable cause where area was known for drug activity, many arrests had been made there in the past, officers with narcotics experience observed hand-to-hand transaction involving exchange with known drug dealer).

In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court approved of a "narrowly drawn" authority for a "reasonable search for weapons for the protection of the police officer" on something short of probable cause. *Id.* at 27. There, the officer approached three men who appeared to be casing a store for a "stick-up". *Id.* at 6. After receiving mumbled answers in response to questions, the officer grabbed the defendant, spun him around, and patted down the outside of his clothing. Police retrieved a gun from his overcoat. *Id.* at 6-7.

In our case, officers were not justified in arresting Mr. Joseph, nor conducting a subsequent search of his person. Any evidence they seized should be suppressed as fruits of the poisonous tree.

## CONCLUSION:

For the foregoing reasons, the Court should suppress the initial arrest of Mr. Joseph and subsequent recovery of currency because it the officers had no probable cause to believe that Mr. Joseph had committed a crime. Further, the Court should suppress all evidence obtained during the unlawful search of apartment #12 and all fruits derived thereof. Mr. Joseph also requests an evidentiary hearing on this Motion.

Respectfully submitted;
*s/; Peter T. Patanzo*
Benjamin, Aaronson, Edinger & Patanzo, PA
1 Financial Plaza, suite 1615
Ft. Lauderdale, Florida 33394
(954) 779-1700 phone
(954) 779-1771 fax
ppatanzo@bellsouth.net
Counsel for Mr. Joseph


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been uploaded to

the Court's electronic filing system CM / ECF, this 23rd day of June, 2014 and served on all those

associated with the service list.


*s/; Peter T. Patanzo*
Peter T. Patanzo, Esq.